Joren Bass, California Bar No. 208143
JBass@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7000
Facsimile: 415.344.7050

Katherine Dugdale, California Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E, Ste. 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.3200
Facsimile: 310.788.3399

Craig T. Boggs (#06198435)
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603
(312) 324-8400
(312) 324-9400 (facsimile)
cboggs@perkinscoie.com

Attorneys for Non-Party Alorica Inc.

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY – 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ___shy___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR DIBARI,<br><br>   Plaintiff/Counterclaim Defendant,<br><br>   v.<br><br>APAC CUSTOMER SERVICES, INC.,<br><br>   Defendant/Counterclaim Plaintiff. | Case No. 8:13-cv-0609-AG-AN<br><br>**[PROPOSED] STIPULATED CONFIDENTIALITY ORDER**<br><br>**Judge:   Hon. Andrew J. Guilford**<br>**Courtroom 10D** |

1    IT IS HEREBY STIPULATED and agreed by and between counsel for the
2  parties that the terms and conditions of a Stipulated Confidentiality Order shall be
3  entered as follows:
4    1.    The Stipulated Confidentiality Order (the "Order") shall be applicable
5  to and govern all depositions of Alorica representatives, documents produced by
6  Alorica in response to APAC's Subpoena (served April 16, 2013) and all other
7  discovery taken pursuant to the Federal Rules of Civil Procedure relating to the
8  pending action between *Arthur DiBari adv. APAC Customer Services, Inc.* in the
9  Northern District of Illinois (Case No. 13-cv-01465) ("DiBari-APAC Litigation").
10  This includes all documents and computerized records (collectively, "RECORDS")
11  produced by Alorica and which Alorica designates as "CONFIDENTIAL
12  MATERIAL" or "RESTRICTED MATERIAL" hereafter furnished, directly or
13  indirectly in connection with the DiBari-APAC Litigation.
14    2.    In designating RECORDS as "CONFIDENTIAL MATERIAL" or
15  "RESTRICTED MATERIAL," Alorica shall make such a designation of
16  CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL only for
17  RECORDS which Alorica, in good faith, believes contain trade secret or other
18  confidential, competitive or proprietary business information used by it in, or
19  pertaining to, its business which Alorica takes appropriate efforts to keep
20  confidential or which the party is otherwise required to keep confidential by
21  agreement or law.  For a designation of RECORDS as "RESTRICTED
22  MATERIAL," Alorica must additionally believe in good faith that the RECORDS
23  must not be disclosed to APAC in the DiBari-APAC litigation and must be subject
24  to the restricted disclosure provided for below.  CONFIDENTIAL MATERIAL and
25  RESTRICTED MATERIAL shall be used solely for the purpose of conducting the
26  DiBari-APAC Litigation and not for any other purpose.
27    3.    RECORDS designated as CONFIDENTIAL MATERIAL may be
28  disclosed only to the following persons:

1

1          a.      the attorneys working on this action on behalf of any party to the

2  DiBari-APAC Litigation, including in-house attorneys;

3          b.      any paralegal assistants, stenographic and clerical employees

4  working under the direct supervision of such counsel;

5          c.      Arthur D. DiBari;

6          d.      APAC Customer Services, Inc., including its employees,

7  officers, or directors to the extent necessary to further the interest of the parties in

8  the DiBari-APAC Litigation;

9          e.      any person not employed by a party who is expressly retained or

10  sought to be retained by any attorney described in paragraph 3(a) to assist in

11  preparation of the DiBari-APAC Litigation action for trial, with disclosure only to

12  the extent necessary to perform such work;

13          f.      any witnesses who appear for deposition or trial in the DiBari-

14  APAC Litigation, and their counsel of record, during the course of their testimony,

15  upon the witness being advised of the need and agreeing to keep the RECORDS

16  confidential; and

17          g.      the Court.

18      4.      RECORDS designated as "RESTRICTED MATERIAL" may be

19  disclosed only to the following persons:

20          a.      the outside counsel working on this action on behalf of any party

21  to the DiBari-APAC Litigation;

22          b.      any paralegal assistants, stenographic and clerical employees

23  working under the direct supervision of such counsel, with disclosure only to the

24  extent necessary to perform their work in connection with this matter;

25          c.      Arthur D. DiBari;

26          d.      any person not employed by a party who is expressly retained or

27  sought to be retained by any attorney described in paragraph 4(a) to assist in

28

2

1   preparation of the DiBari-APAC Litigation for trial, with disclosure only to the
2   extent necessary to perform such work;

3          e.     any witnesses who appear for deposition or trial in the DiBari-
4   APAC Litigation, and their counsel of record, during the course of their testimony,
5   upon the witness being advised of the need and agreeing to keep the RECORDS
6   confidential; and

7          f.     the Court.

8   5.     The persons named or described in paragraphs 3(d), 3(e), 4(a), and
9   4(d) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED
10  MATERIAL once they have been made aware of the provisions of the Order and
11  have manifested their assent to be bound thereby by signing a copy of the annexed
12  "ACKNOWLEDGMENT." A list shall be prepared by counsel for the parties
13  hereto of the names of all such persons to whom CONFIDENTIAL MATERIAL or
14  RESTRICTED MATERIAL is disclosed, or to whom the information contained
15  therein is disclosed, and such list shall be available for inspection by the Court and
16  opposing counsel upon request. The other persons described in paragraphs 3 and 4
17  shall have access to the CONFIDENTIAL MATERIAL and RESTRICTED
18  MATERIAL pursuant to the terms of the Order without signing a copy of the
19  annexed "ACKNOWLEDGEMENT." Similar, but separate, lists shall also be
20  prepared with respect to CONFIDENTIAL MATERIAL or RESTRICTED
21  MATERIAL provided by third parties. At the time of the termination of this
22  lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other
23  counsel with a copy of the pertinent aforementioned lists upon request. The
24  persons receiving CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL
25  must not disclose it to any other person, except in conformance with the Order.
26  This Stipulation will not require the disclosure of experts other than by Local Rule,
27  Federal Rule of Civil Procedure, and/or court order.

28

3

1    6.    Each individual who receives any CONFIDENTIAL MATERIAL or

2  RESTRICTED MATERIAL hereby agrees to subject himself/herself to the

3  jurisdiction of this Court for the purpose of any proceedings relating to the

4  performance under, compliance with or violation of the Order.

5    7.    The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED

6  MATERIAL that is provided under the Order shall maintain such RECORDS in a

7  secure and safe area and shall exercise the same standard of due and proper care

8  with respect to the storage, custody, use and/or dissemination of such RECORDS as

9  is exercised by the recipient with respect to its own proprietary information.

10    8.    Alorica shall designate CONFIDENTIAL MATERIAL or

11  RESTRICTED MATERIAL as follows:

12         a.    In the case of RECORDS produced, designation shall be made

13  by placing the following legend on any such RECORD prior to production:

14  "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL."  In the event

15  that Alorica inadvertently fails to stamp or otherwise designate a RECORD as

16  CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its

17  production, Alorica shall have five (5) business days after discovery of such error to

18  so stamp or otherwise designate the RECORD.

19         b.    In the case of depositions, designation of the portion of the

20  transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or

21  RESTRICTED MATERIAL shall be made by a statement to such effect on the

22  record in the course of the deposition or, upon review of such transcript by counsel

23  for Alorica to whose CONFIDENTIAL MATERIAL or RESTRICTED

24  MATERIAL the deponent has had access, said counsel shall designate within

25  fourteen (14) days after counsel's receipt of the transcript.

26         c.    Designated portions of transcripts of depositions will not be

27  filed with the Court unless it is necessary to do so for purposes of trial, motions for

28  summary judgment, or other matters.  If a deposition transcript is filed, any

4

1  CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall bear the
2  appropriate legend on the caption page and shall be filed under seal.
3      9.    APAC shall not be obligated to challenge the propriety of a
4  CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the
5  time made, and failure to do so shall not preclude a subsequent challenge thereto.
6  In the event that APAC disagrees at any stage of the proceedings with such
7  designation, APAC shall provide Alorica written notice of its disagreement with the
8  designation.  The parties shall first try to dispose of such dispute in good faith on an
9  informal basis.  If the dispute cannot be resolved, APAC may request appropriate
10  relief from the Court, but in any event, such relief from the Court shall not be
11  requested before ten (10) days after the producing party is served with the required
12  notice.  The burden of proving that RECORDS have been properly designated as
13  CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be on Alorica,
14  the party making such designation.
15     10.    In the event that any CONFIDENTIAL MATERIAL or
16  RESTRICTED MATERIAL is used in any court proceedings in connection with
17  the DiBari-APAC Litigation, it shall not lose its CONFIDENTIAL MATERIAL or
18  RESTRICTED MATERIAL status through such use, and the parties shall take all
19  steps reasonably required to protect its confidentiality during such use.
20     11.    Nothing in the Order shall preclude any party to the lawsuit or their
21  attorneys (a) from showing RECORDS designated as CONFIDENTIAL
22  MATERIAL or RESTRICTED MATERIAL to an individual who either prepared
23  or reviewed the RECORDS prior to the filing of this action.
24     12.    Within sixty (60) days of the termination of the DiBari-APAC
25  Litigation, all CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL,
26  and all copies thereof, shall be returned to Alorica or shall be destroyed.
27
28

5

13.     Except as specifically provided herein, the terms, conditions and limitations of the Order shall survive the termination of the DiBari-APAC Litigation action at the option of Alorica.

14.     The Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 14, inclusive hereof.

**SO STIPULATED.**

Dated: April 30, 2013                   PERKINS COIE LLP

                                        By: /s/ Joren S. Bass
                                            JOREN BASS

                                        Attorney for Non-Party ALORICA INC.

Dated: April 30, 2013                   Glaser Weil Fink Jacobs
                                         Howard Avchen & Shapiro, LLP

                                        By: /s/ John Ly
                                            JOHN LY

                                        Attorney for Defendant/Counterclaim
                                        APAC Customer Services, Inc.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  May 1, 2013      _____      /s/ Arthur Nakazato
                                     Hon. Arthur Nakazato ~~Andrew J. Guilford~~
                                     U.S. District Court Judge

**ATTESTATION**

I, Joren S. Bass, do hereby declare that I obtained concurrence in the filing of the foregoing document from John Ly on this 30th day of April, 2013.

                                        By: /s/ Joren S. Bass
                                            JOREN S. BASS

6

[PROPOSED] STIPULATED CONFIDENTIALITY ORDER
Case No. 8:13-cv-0609-AG-AN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ACKNOWLEDGEMENT

The undersigned hereby acknowledges that he/she has read the CONFIDENTIALITY ORDER which was entered by the Court on _____, 2013 in *Arthur DiBari v. APAC Customer Services Inc.*, Case No. 13-cv-0609, that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by Alorica, and that he/she fully understand and agrees to abide by the obligations and conditions of the Confidentiality Order.  The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____

Dated: _____, 201__

LEGAL26504737

7